Kevin G. DODD; Errol G. Jackson; Steve M. Griggs; Kenneth M. Keyser; Noble Alexander, Plaintiffs–Appellants,

v.

RAYTHEON SYSTEMS COMPANY; Raytheon Savings and Investment Plan, Defendants–Appellees.

No. 06–56027.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2008.*

Filed March 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Z. Rosen, Esq., Posner & Rosen, LLP, Los Angeles, CA, for Plaintiffs–Appellants.

Mark R. Attwood, Esq., Jackson Lewis, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Plaintiffs-appellants Kevin Dodd, Errol Jackson, Steve Griggs, Kenneth Keyser, and Noble Alexander (collectively, "Plaintiffs") appeal the district court's dismissal of their complaint for failure to state a claim. Plaintiffs allege that they are entitled to participate in the Raytheon Savings and Investment Plan ("RAYSIP") while on leaves-of-absence from their positions at defendant-appellee Raytheon Systems Company ("Raytheon"). While on leave, Plaintiffs are serving as union business representatives for the Southwest Regional Council of Carpenters ("SWRCC" or "the union"). Plaintiffs allege that they are entitled to participate in RAYSIP because they remained employees of Raytheon while on leave, even though their wages were paid by SWRCC, not Raytheon. Raytheon argues that Plaintiffs are not "eligible employees" as defined by the plan, and so cannot participate in RAYSIP.

Between 1997 and 2005, SWRCC sent 401(k) contributions to Raytheon and RAYSIP on behalf of Plaintiffs except Keyser, and those funds were accepted by RAYSIP even though SWRCC is not an "adopting employer" under the RAYSIP provisions. In 2001, Raytheon paid all of their union employees and Plaintiffs a $1,000 "signing bonus" in return for their prompt ratification of a new collective bargaining agreement. Raytheon withheld federal taxes and other funds from the bonuses paid to Plaintiffs, and withheld a small additional amount from the bonuses of Dodd, Jackson, and Griggs, which was contributed to RAYSIP. On November 28, 2005, Raytheon notified Plaintiffs that they would no longer be permitted to participate in RAYSIP effective December 31, 2005. Plaintiffs then sued RAYSIP and Raytheon in the United States District Court for the Central District of California.

RAYSIP is an employee pension plan governed by ERISA, 29 U.S.C. § 1003(a)(1). RAYSIP includes both a stock bonus plan and 401(k) accounts for eligible employees of Raytheon and employees of "adopting employers" approved by Raytheon. Participation in RAYSIP is limited to "eligible employees," defined in relevant part in Section 2.18 of the RAYSIP provisions as:

A person who is an Employee of an Adopting Employer who: (a) is on a United States–Based Payroll; (b) is not employed in a position or classification within a bargaining unit which is covered by a collective bargaining agreement with respect to which retirement benefits were the subject of good faith bargaining (unless such agreement provides for coverage hereunder of Employees of such unit); (c) is not assigned on the books and records of the Employer to any division ... that is excluded from participation in the Plan by the

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Senior Vice President of Human Resources of the Company . . . .

RAYSIP covers the divisions of Raytheon where Plaintiffs are assigned, and Plaintiffs are not within any exceptions of Section 2.18. Accordingly, whether Plaintiffs qualify for participation in RAYSIP, in our view, depends on whether they are 1) "employees," and 2) "on a United States-based payroll." Both terms are defined in the RAYSIP provisions.

"Employee" is defined in Section 2.19 of the RAYSIP provisions as:

> . . . [A]ny person employed by an Employer who is expressly so designated as an employee on the books and records of the Employer and who is treated as such by the Employer for federal employment tax purposes. . . .

"United States–Based Payroll" is defined in Section 2.60:

> A payroll maintained by the Company [Raytheon] or an Adopting Employer that is designated as a United States payroll on the books and records of the Company or Adopting Employer and that is subject to United States wage withholding and reporting laws.

We review the district court's dismissal for failure to state a claim de novo, and assume that all facts alleged in the complaint are true. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001).

Raytheon has a "statutory responsibility actually to run the plan [RAYSIP] in accordance with the currently operative, governing plan documents," *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 84, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995), and Plaintiffs have not alleged a cause of action derived from any other source. We therefore address the text of the plan. We conclude that, following the standards that govern our review of a decision on a motion to dismiss, Plaintiffs may be viewed as "employees" under the RAYSIP provisions, but they are plainly not on the

"United States–Based Payroll" and therefore are not "eligible employees."

■ Plaintiffs do allege that they are employees of Raytheon. In support of this allegation, Plaintiffs attached documents that they claim show that they are employees, including letters addressed "Dear employee" from Raytheon to Plaintiffs and letters from benefits providers sent to all employees of Raytheon. They also allege that they were awarded pins for the length of their service at Raytheon. How Plaintiffs were characterized in Raytheon's letters and their awards for tenure of service adequately allege that they are "designated as an employee on the books and records" of Raytheon at the current pleading stage.

In order to be considered an "employee," Plaintiffs must also allege that they are "treated as such by the Employer for federal employment tax purposes." Plaintiffs have alleged exactly that in the complaint, and while "merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not sufficient to defeat a motion to dismiss, *Sprewell,* 266 F.3d at 988, Plaintiffs have also included the allegation that taxes were withheld from the $1000 signing bonus that they were paid by Raytheon in 2001. We conclude that is enough to survive a motion to dismiss on this issue, and that Plaintiffs have sufficiently alleged that they are "employees" within the meaning of Section 2.19 of the RAYSIP provisions.

■ However, for an "employee" to be an "eligible employee" under Section 2.18 of the RAYSIP provisions, the employee must be "on a United States-based payroll." It is here that Plaintiffs' complaint is deficient. As defined in Section 2.60 of the provisions, a United States-based payroll is a payroll maintained by Raytheon that is "designated as a United States payroll on the books and records of the Company or Adopting Employer and that

is subject to United States wage withholding and reporting laws." Even accepting all Plaintiffs' allegations as true, Plaintiffs have not met this definition. In the pertinent period when plan participation was denied, Plaintiffs received no wages from Raytheon, and are therefore not on Raytheon's "payroll" under common usage of that term. *See* Black's Law Dictionary 1151 (defining "payroll" as "a list of employees to be paid and the amount due to each of them") (emphasis added); *see also Gilliam v. Nev. Power Co.,* 488 F.3d 1189, 1195 (9th Cir.2007) (using Black's Law Dictionary "to determine the ordinary and popular meaning" of an ERISA plan term).

**AFFIRMED.**